UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JESSE A. PAYNE,

    Plaintiff,                                  Case No. 16-13165
                                                Honorable Victoria A. Roberts

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS [Doc. 17];
(2) ADOPTING REPORT AND RECOMMENDATION [Doc. 16];
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. 12]; AND
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. 15]**

**I.    INTRODUCTION**

On August 16, 2017, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") [Doc. 16], recommending that Plaintiff's Motion for Summary Judgment [Doc. 12] be DENIED and Defendant's Motion for Summary Judgment [Doc. 15] be GRANTED. Plaintiff objects to the R & R. [Doc. 17].

For the following reasons, the Court **OVERRULES** Plaintiff's objections [Doc. 17] and **ADOPTS** Magistrate Judge Majzoub's R & R [Doc. 16].

Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**; Plaintiffs Motion for Summary Judgment [Doc. 12] is **DENIED**.

**II.    DISCUSSION**

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review

requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

Plaintiff sets forth two objections to the R & R. First, Plaintiff argues that Magistrate Judge Majzoub "engaged in impermissible *post hoc* rationalizations in reviewing the [Administrative Law Judge's ("ALJ")] opinion, basing conclusions not upon findings rendered by the ALJ but instead upon her own rationalizations for those findings." [Doc. 17, PgID 804]. This objection concerns the ALJ's inaccurate reference to the results of an August 2010 tilt table test (conducted by Dr. Edward Robles) as "normal" instead of "abnormal." Although the ALJ mistakenly indicated that the test results were normal, he accurately summarized the detailed findings of the test – which included irregular/adverse results.

Noting that the ALJ "essentially recited the results of Plaintiff's tilt table test verbatim," Magistrate Judge Majzoub found that:

> [The ALJ's] error in reciting the test results . . . [was not] a fundamental mischaracterization of the evidence sufficient to warrant remand of this matter, particularly in light of the fact that (1) the ALJ also noted the abnormal results of the test, e.g., hypotension, bradycardia, and near syncope; and (2) despite noting the abnormal results of the tilt table test in several of his reports regarding Plaintiff's treatment, Dr. Robles did not assess any greater functional limitations to Plaintiff as a result of this test than the ALJ assessed in determining Plaintiff's RFC. Notably, Plaintiff fails to mention that on multiple occasions, Dr. Robles opined that Plaintiff was able to work, except he should not work around prisoners until his syncopal episodes improved. (*See* TR 629, 632, 636, 639-42, 646). The ALJ's RFC assessment is not inconsistent with Dr. Robles's opinion; in fact, it actually assesses greater functional limitations to Plaintiff than Dr. Robles did after considering Plaintiff's abnormal tilt test. Accordingly, Plaintiff's Motion should be denied with regard to this issue.

[Doc. 16, PgID 796].

Plaintiff says the Magistrate Judge erred: (1) "in overlooking the ALJ's mischaracterization of Dr. Robles' tilt table test result as 'normal' when it is plainly 'abnormal'"; and (2) "chock[ing] up the ALJ's plain error as typographic in nature." [Doc. 17, PgID 805-06].

Plaintiff fails to show that the ALJ's error in reciting the test results constitutes reversible error, especially considering that: (1) the ALJ accurately recited the adverse findings from the test; (2) the ALJ assessed greater functional limitations than Dr. Robles (who did not mischaracterize the results of the test); (3) the August 2010 test was only one of many medical records in the evidence during the period at issue (i.e., June 2010 to December 2015); and (4) the ALJ accurately summarized all of the other relevant medical records in the decision. This alone is fatal to Plaintiff's first objection. However, this objection also fails when considering Plaintiff's arguments.

Plaintiff's argument that the Magistrate Judge "overlook[ed]" the ALJ's mischaracterization of the test result lacks support. Based on the above excerpt from the R & R, it is clear that Magistrate Judge Majzoub did not "overlook" the ALJ's error in reciting the test results. Rather, she acknowledged the error and found that it was not a fundamental mischaracterization of the evidence sufficient to warrant remand based on numerous factors. This finding is well supported.

Moreover, in making his second argument under this objection, Plaintiff incorrectly states that the Magistrate Judge "chocked up the ALJ's plain error as typographic in nature." Magistrate Judge Majzoub did conclude that the ALJ's use of the word "title" instead of "tilt" was a typographical error. However, she did not find that the ALJ's error in reciting the results of the test as "normal" was "typographic in nature."

3

As discussed, the Magistrate Judge acknowledged the ALJ's error and found that it did not warrant remand based on several reasons.

After *de novo* review of the relevant evidence, Plaintiff's first objection is overruled. The Court agrees with the Magistrate Judge's findings and conclusions. She accurately laid out the facts; she considered the record as a whole; and her conclusions are well supported.

In his second objection, Plaintiff argues Magistrate Judge Majzoub erred by "conflat[ing] an absence of Dr. Robles' statement regarding [Plaintiff's] 'disability' from work, with the ultimate question involving *disability under the Act*." [Doc. 17, PgID 808 (emphasis in original)].

Although Plaintiff is correct that the ultimate finding of disability is made by the Commissioner, *see Craft v. Comm'r of Soc. Sec.*, 39 Fed. Appx. 274, 276 (6th Cir. 2002), he fails to show that the Magistrate Judge erred by *considering* the opinion of Dr. Robles' – Plaintiff's treating physician – regarding Plaintiff's ability to work.

The opinion of a treating physician is entitled greater weight if it is based on objective medical findings and is not contradicted by substantial evidence; however, while still relevant, "a treating physician's opinion regarding disability is not *conclusive*." *See id.* at 275-76.

Magistrate Judge Majzoub did not treat Dr. Robles' opinion regarding Plaintiff's ability to work as conclusive evidence that he was not disabled. Rather, she considered his opinion in conjunction with the other evidence in the record; ultimately, she found that the ALJ's RFC was supported by substantial evidence. Because the record demonstrates that Dr. Robles' opinion is based on objective medical findings and is not

4

contradicted by substantial evidence, the Magistrate Judge did not err in considering that opinion when reviewing the ALJ's decision.

After a *de novo* review, the Court finds that Plaintiff's second objection does not warrant remand or reversal.

## III.     CONCLUSION

The Court **OVERRULES** Plaintiff's objections [Doc. 17] and **ADOPTS** Magistrate Judge Majzoub's R & R [Doc. 16].

Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**; Plaintiffs Motion for Summary Judgment [Doc. 12] is **DENIED**.

Judgment will enter in favor of Defendant.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  September 21, 2017